UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

LARRY GOODSON

       Plaintiff,                                  **AMENDED COMPLAINT IN CIVIL CASE**

  -against-

THE CITY OF NEW YORK, P.O. STEPHEN S.    **JURY TRIAL DEMANDED**
DIMARIO, P.O. RAHIM MORRIS and SGT.
MICHAEL VULTAGGIO.                           11 CV 1652 (JBW) (CLP)
       Defendants.

------------------------------------------------------------ X

Plaintiff, LARRY GOODSON, by his attorney, ADRIAN A. ELLIS, LLC, alleges as follows:

        I.       **INTRODUCTION**

1. This is an action pursuant to U.S.C. Section 1983 to vindicate the civil rights of LARRY GOODSON. The plaintiff contends that the defendants have subjected the Plaintiff to a malicious abuse of process whereas he has been seized, unlawfully arrested, falsely imprisoned, defamed and humiliated without cause by the defendants. Defendants were acting under the color of state law and pursuant to municipal customs, practices and policies when they undertook the aforementioned acts against plaintiff.

        II.       **JURISDICTION**

2. This court has jurisdiction over this action under 42 U.S.C. Section 1983 and the 6th, 4th, 5th and 14th Amendments of the Constitution of the United States. Venue is proper, as the operative events occurred within this judicial district.

III.                        **PARTIES**

3. Plaintiff, Larry Goodson resides in Kings County and sues on his own behalf.

4. Defendant, The City of New York is a municipality that is incorporated under the laws of the State of New York, New York. Its actions and those of its agents must conform to the dictates of the Constitution of the United States. It may sue and be sued and at all relevant times herein acted under the color of the state law and pursuant to its own policies, practices and customs.

5. Defendants, Police Officer Stephen S. Dimario, Police Officer Rahim Morris and Sergeant Michael Vultaggio at all times were employed by the City of New York as police officers. Their actions must conform to the dictates of the Constitution of the United States. They are sued in their individual capacities for violating the plaintiff's civil rights while acting under the color of state law and/or acting pursuant to policies, practices and customs of the City of New York.

IV.                       **FACTUAL AVERMENTS**

6. Defendants, all of whom were acting under the color of the state law and/or pursuant to policies, practices and customs of the City of New York violated plaintiff's civil rights in the following ways:

a.       On February 3, 2011 at approximately 4:00 a.m. the plaintiff was walking from his friend's house who he had visited with, to his home which is approximately two blocks away. Whilst walking on Woodbine Avenue he was stopped and arrested by defendants Dimario, Morris and Vultaggio. When defendant was walking on Woodbine Avenue he noted two police cars

approaching from both directions of Woodbine Avenue. At the same time the plaintiff sees a person he knows as being from around the neighborhood exiting 14 Woodbine Avenue. Two police officers stopped and handcuffed the person exiting 14 Woodbine Avenue, which is notorious for being a place where prostitution and drug use occurs. The plaintiff was walking by 18 Woodbine Avenue when the defendant Morris under the supervision and direction of defendant Vultaggio approached him and placed him in custody. The plaintiff then observed defendant Dimario enter 14 Woodbine Avenue and exit with what appeared to be a circular saw and floor tiles. Plaintiff was then held by defendant Vultaggio and Morris. Defendant Dimario then crossed the street and seemingly retrieved information from a vacant lot that was a work site that was directly across from 14 Woodbine Avenue. The plaintiff was upon defendant Dimario's return from across the street placed under arrest by defendants Dimario and Morris under the direction of defendant Vultaggio. The plaintiff asked what he was being charged with and was told that it would be discussed at the precinct. The plaintiff was then transported to the 83rd precinct at which time the police still refused to discuss the basis for plaintiff's arrest. It wasn't until the arraignment in the Kings County Criminal Court that the plaintiff learnt that he was charged with burglary, possession of stolen tools, trespassing and possession of stolen property.

b.     Plaintiff was unable to make bail which was set at ten thousand ($10,000.00) dollars and was incarcerated at Rikers Island for the next eight days. On February 10, 2011 the plaintiff testified before the grand jury and the grand

jury returned that very day with a no true bill. The plaintiff was consequently released from Riker's Island on February 11, 2011. On February 22, 2011 all charges against the plaintiff were dismissed and sealed.

## FIRST CLAIM FOR RELIEF

7. Defendants actions against plaintiff were undertaken pursuant to municipal policies, practices and customs of using police power to arrest and seize citizenry when deemed necessary.

8. As a result of the defendants actions the plaintiff is fearful of all police officers and is unable to respect the police force and the purported purpose to "protect and serve". The plaintiff is traumatized by the callous and casual manner in which he was just picked up off the streets and suffers from anxiety whenever he sees the police.

9. The conduct of defendants in maliciously abusing the process against the plaintiff was outrageous and was done with a total and utter reckless indifference to plaintiff's protected civil rights, entitling plaintiffs to an award of punitive damages as against the individual defendants.

10. The arrest of the plaintiff was affected without the constitutional prerequisites and in total and utter disregard for the civil rights of the plaintiff.

11. Solely as a result of these actions, plaintiff was:

a.   Suffered severe emotional trauma and was subjected to great fear and terror and personal humiliation and degradation.

b. Has continued to suffer from mental and emotional distress as a result of the unlawful conduct o the defendants, and

c. Has been caused to fear repetition of the unlawful conduct by the defendants or by other police officers.

12. Each of the defendants, jointly and severally, acted maliciously, willfully and wantonly, and outside the scope of their jurisdiction, although under the color of law, and violated the rights of the plaintiffs:

a. To be free from unlawful arrest and imprisonment;

b. To be free from malicious abuse of process;

c. To be free from summary punishment without trial; and

d. To due process of law.

13. All of these rights are secured to the plaintiff by the provisions of the Fourth and Fourteenth Amendments to the Constitution of the United States of America and by 42 U.S.C.§§ 1983, 1988.

14. As a result of the defendants conduct, plaintiff has suffered damage and injury.

## PRAYER

Plaintiff demands judgment against the defendants for:

1. Compensatory damages in an amount that the trier of facts considers just and fair.

2. Punitive and exemplary damages in an amount that the trier of the fact considers sufficient to punish and deter each defendant against whom, these damages are awarded;

3. Costs of suit;

4. Reasonable attorney fees; and

5. All other relief that is just and proper.

Dated: Brooklyn, New York
      February 6, 2012

Respectfully Submitted

Adrian A. Ellis, LLC

By:

Adrian A. Ellis, Esq.
26 Court Street, Suite 1600
Brooklyn, NY 11242
P (718) 596-1308
F (718) 596-8059